UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

UNITED STATES OF AMERICA

   -v-                                                                          No. 13CR986-LTS

DAMON CHAPPELLE,

        Defendant.

--------------------------------------------------------x

MEMORANDUM ORDER

Defendant Damon Chappelle ("Defendant" or "Chapelle") moves pursuant to Federal Rule of Criminal Procedure 3 for an order dismissing the Indictment in the above captioned case. The Court has carefully considered the submissions of the parties and, for the following reasons, the motion is denied.

Rule 3 defines the required content of a complaint, providing that: "[t]he complaint is a written statement of the essential facts constituting the offense charged." The complaint is sworn out before a judicial officer. Rules 4 and 5 require the prompt filing of a complaint demonstrating probable cause where, as here, a defendant is arrested without a warrant.

Rule 3 does not pertain to indictments and, moreover, once an indictment is filed, a defendant may not challenge the sufficiency of the complaint, because an indictment is based on an independent probable cause finding by a grand jury. See generally United States v. Coiscou, 793 F. Supp. 2d 680, 683 (S.D.N.Y. 2011) ("A preliminary hearing thus provides independent screening by a magistrate judge of the prosecution's decision to charge—a screening which becomes unnecessary if a defendant is indicted by a grand jury or the Government files an information."); United States v. Kang, 489 F. Supp. 2d 1095, 1096 (N.D. Cal. 2007) (noting court

may lack authority to hear a challenge to a complaint "because a defendant who has been arrested on less than probable cause and is in custody is adequately protected by the requirement that within ten days of his initial appearance, a magistrate judge at a preliminary hearing or a grand jury must find probable cause to believe an offense was committed.").

Chappelle's affirmation in support of the motion charges that Special Agent Todd Riley, of the Drug Enforcement Administration, falsified his account of the circumstances under which Mr. Chappelle and other defendants were arrested.  Specifically, Chappelle asserts that the reference in the complaint filed in this case to arrests taking place after the defendants' cars had parked at the robbery location was false and that the defendants were in fact stopped near the location by a group of police vehicles.  The affirmation also appears to suggest that Agent Riley must have testified to the same account before the grand jury.  On the basis of this allegedly false grand jury testimony, Chappelle seeks dismissal of the Indictment.

The Supreme Court has set a high standard for dismissal of an indictment. "[D]ismissal of the indictment [on the basis of misconduct] is appropriate only if it is established that the violation substantially influenced the grand jury's decision to indict, or if there is grave doubt that the decision to indict was free from the substantial influence of such violations." Bank of Nova Scotia v. United States, 487 U.S. 250, 256–57 (1988).  The Supreme Court held in Bank of Nova Scotia that the harmless error standard under Federal Rule of Criminal Procedure 52(a) applies to the dismissal of an indictment.  Id. at 255 - 56.  The Court may only review whether the alleged misstatement substantially influenced the decision to indict, and it may not weigh the adequacy of the evidence against Chappelle, because entertaining such challenges "would run counter to the whole history of the grand jury institution, and neither justice nor the concept of a fair trial requires it."  See United States v. Williams, 504 U.S. 36, 54-55 (1992) (citing Costello v.

United States, 350 U.S. 359, 364 (1956)) (internal quotation marks omitted).

The alleged false statement by Agent Riley, which concerns the precise location and circumstances of defendants' arrest, was made in the body of a complaint that lays out detailed accounts of prior interactions with and among the defendants, including Chappelle.  The complaint proffers information concerning conversations about the planned armed robbery and actions by Chappelle and co-defendants that are relevant to the issues of probable cause for the arrests and for the charges brought in the Indictment.  The affirmation does not challenge the accuracy of these other elements of the record and thus is insufficient to suggest that any error or falsification concerning whether the cars were parked or stopped when the arrest occurred affected substantial rights in connection with the grand jury proceedings.

Nor is the affirmation sufficient to warrant a hearing into the sufficiency of the evidence underlying the Indictment.  Even if a Franks-type procedure[1] might be appropriate under certain circumstances, it is not called for here because Chappelle has not made a substantial preliminary showing that "the alleged falsehoods or omissions were necessary to the [grand jury's] probable cause finding."  See United States v. Salameh, 152 F.3d 88, 113 (2d Cir. 1998) (citing United States v. Levasseur, 816 F.2d 37, 43 (2d Cir. 1987)) (internal quotation marks omitted).

---

[1]  See Franks v. Delaware, 438 U.S. 154 (1978).

<u>CONCLUSION</u>

For the foregoing reasons, Defendant Chappelle's motion to dismiss the Indictment pursuant to Federal Rule of Criminal Procedure 3 is denied.

This Order resolves docket entry no. 78.

SO ORDERED.

Dated: New York, New York
November 24, 2014

　/s/ Laura Taylor Swain　
LAURA TAYLOR SWAIN
United States District Judge
