NEWMAN & GREENBERG LLP
ATTORNEYS
950 THIRD AVENUE
NEW YORK, NEW YORK 10022
TEL. (212) 308-7900
FAX (212) 826-3273

RICHARD A. GREENBERG  GUSTAVE H. NEWMAN (1927-2017)
STEVEN Y. YUROWITZ
—
WILLIAM J. DOBIE

May 19, 2020

**BY ECF**
Hon. Laura Taylor Swain
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

<u>MEMO ENDORSED</u>

Re:   *United States v. Davis, et al.,* 13-Cr-986 (LTS)
      **(Defendant Chappelle's Request for a Teleconference)**

Dear Judge Swain:

   I am counsel to Damon Chappelle, one of the defendants in the above-referenced matter, having been previously appointed as appellate counsel to represent Mr. Chappelle in connection with his appeal to the Second Circuit.  On May 18, 2020, the Second Circuit issued an Order vacating Mr. Chappelle's conviction under Count Three of the indictment, i.e., his conviction under 18 U.S.C. 924(c).  In remanding, the Second Circuit directed that this Court

> determine, upon briefing by the parties, whether to resentence Appellant on the remaining count by reason of the vacatur of the § 924(c) conviction and also whether to resentence based on Appellant's contention in this court, see Dkt. No. 166, that there was a discrepancy between the term of supervised release orally imposed by the court in passing the sentence and the term subsequently entered into the written judgment.

NEWMAN & GREENBERG LLP

Hon Laura Taylor Swain
May 19, 2020
Page 2

Exhibit A. In an Order issued the next day, the Second Circuit denied as moot Mr. Chappelle's motion for bail pending appeal. Exhibit B.

I have conferred with AUSA Edward Diskant, and the parties are in agreement that a resentencing is necessary, although it is fair to say that the parties disagree concerning where the Guidelines fall in this case. Briefly stated, it is the defense position that in light of the vacatur of Count Three, Mr. Chappelle's USSG range is 57-71 months, and that Mr. Chappelle who has been incarcerated since November 2013 has already served a sentence in excess of even the high-end of that Guideline range. The government took the view in the Second Circuit that Chappelle's USSG range upon the vacatur of Count Three would be 151-188 months, although that range does not take into account any downward variance. At his original sentence Your Honor granted such a downward variance.

The parties also disagree concerning the appropriateness of releasing Mr. Chappelle on bail. In the Court of Appeals, Chappelle argued that, pursuant to 18 U.S.C. §3145(c), "exceptional reasons" exist to warrant Mr. Chappelle's release on bail. Those reasons consist of the combined facts that Mr. Chappelle has likely already served any sentence to be imposed at a resentencing, and the danger to any inmate confined in a BOP facility given the current pandemic conditions. Mr. Chappelle also sought to expedite the proceedings if bail were denied. The government disagreed with regard to bail arguing that Mr. Chappelle was a danger to the community.[1]

While I am hopeful that Mr. Chappelle can be released on bail with appropriate conditions, i.e., home confinement with electronic monitoring, in the event the Court were to deny that request, Mr. Chappelle would ask the Court to consider conducting a resentencing via video or teleconferencing. Given the current pandemic conditions, Mr. Chappelle would understandably prefer to remain in USP Canaan rather than to be transported to the MCC or MDC and be exposed to an even greater risk of contracting the virus. I have spoken with Mr. Chappelle's counselor at USP Canaan and he informed me that the facility has the capability to conduct video conferencing proceedings, although it depends on the particular court whether they have a compatible system. Finally, I have conferred with AUSA Diskant who informed me that the government has no objection to such a proceeding so long as it is acceptable to the Court and the appropriate findings under the CARE Act are placed on the record.

In light of the foregoing, I am writing now to request a teleconference to determine a schedule for 1) a proposed bail motion by Mr. Chappelle; 2) the preparation of an updated PSR,

---

[1] The government took no position with regard to Mr. Chappelle's motion to expedite.

NEWMAN & GREENBERG LLP

Hon Laura Taylor Swain
May 19, 2020
Page 3

sentencing memorandum and resentencing; and 3) if bail is denied, the ability to conduct sentencing remotely rather than exposing Mr. Chappelle to the conditions of the MCC/MDC.

I am available anytime this week except for Thursday morning as I have a prior engagement before the Second Circuit.

Respectfully submitted,

Steven Y. Yurowitz

cc: AUSA Edward Diskant (by ECF)

The Court will schedule a conference promptly after the issuance of the Second Circuit's Mandate. Counsel are directed to inform this Court and request a conference setting when the Mandate has issued. In the meantime, counsel are encouraged to confer and develop a joint scheduling proposal, and counsel are requested to ascertain what sort of video or teleconferencing facilities are available at USP Caanan, and obtain the contact information for scheduling proceedings involving persons in custody at that facility.

SO ORDERED.
5/20/2020
/s/ Laura Taylor Swain, USDJ