*U.S. Department of Justice*

*United States Attorney
Southern District of New York*

*The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007*

July 6, 2020

**By ECF**

The Honorable Laura Taylor Swain
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

## MEMO ENDORSED

Re:  United States v. Damon Chappelle, 13 Cr. 986 (LGS)

Dear Judge Swain:

      The Government writes with respect to the parties' proposed schedule for sentencing submissions and briefing on the defendant's motion for bail, which the Court had previously approved and which contemplated the Government filing its submission on July 7, 2020. For the reasons set forth herein, the Government respectfully requests a two-week extension of its deadline to file opposition papers, until July 21, 2020. The defendant opposes this request.

      By way of background, the defendant, who was convicted before Your Honor in 2015 for his participation in a conspiracy to rob rival drug dealers at gun point, challenged one of his counts of conviction, namely his conviction for unlawfully possessing a firearm in violation of Title 18, United States Code, Section 924(c) on appeal on the basis of *Johnson v. United States*, 576 U.S. 591 (2015) and its progeny. In May 2020, on the basis of the Supreme Court's recent decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), the Second Circuit vacated that count and remanded for resentencing on the remaining Hobbs Act conspiracy count.

      Based on the issues raised on appeal and the parties' numerous discussions about the issues to be raised on remand, the Government was (and remains) prepared to address on the timeline contemplated by the parties' proposed schedule what it understood to be the defendant's primary argument on remand: whether, in light of *Davis*, the defendant's Hobbs Act conspiracy conviction remains a crime of violence for purposes of the Career Offender Guidelines. That issue, which is foreclosed by the language of the Guidelines themselves, *see* U.S.S.G. 4B1.2 n. 1 (noting that the term "'crime of violence' . . . include[s] the offense[] of . . . conspiring . . . to commit such offenses"), has also already been rejected by the U.S. Probation Department which has issued its revised Presentence Investigative Report concluding that the defendant remains a Career Offender, even after *Davis*.

      However, in the defendant's submission, filed early on June 23, the defendant has for the first time raised an additional, entirely separate claim – namely, that his 1996 Pennsylvania robbery conviction no longer qualifies as a crime of violence for reasons unrelated to *Davis* and rooted

principally in two district court opinions issued in 2017. As an initial matter, as the defendant concedes, the Third Circuit has since overruled those district court opinions and held that the Pennsylvania robbery statute at issue here *can* qualify as crime of violence. *See, e.g.*, *United States v. Peppers*, 899 F.2d 211 (3d Cir. 2018); *United States v. Heng Khim*, 748 F. App'x 440, 444 (3d Cir. 2018). However, those same opinions hold that the statute is "divisible" and that under the "modified categorical approach," a district court can and should look to certain, limited additional documents, the so-called *Shepard* documents, to confirm that the defendant in question was convicted under a sub-division of the statute that qualifies.

As such, to address this new claim, which is not only inconsistent with the defendant's stipulated Guidelines calculation as set forth in his plea agreement, but was, as noted, has not previously been raised, including in connection with the defendant's very recent motion for bail pending appeal before the Second Circuit, the Government will thus need to track down additional information about this 25-year old Pennsylvania state conviction, including, if available, an indictment, plea transcript, or judgment of conviction. The Government has started that process by, among other things, requesting that its own 2013-14 case file be pulled from storage,[1] and submitting a document request to the Pennsylvania state clerk of court for the requested records, and has asked that both requests be expedited. However, given current conditions, including the fact that many state and federal employees continue to work remotely in light of the pandemic, and the age of the records at issue, the Government respectfully requests that it be afforded some additional time to obtain the documents necessary to meaningfully respond to the defendant's new claim.

Since July 3, the Government has endeavored to communicate with defense counsel about these issues in the hopes of reaching agreement on a modestly revised schedule for the parties' submissions. However, the Government understands that the defendant objects to the Government's request for additional time because the defendant believes, as asserted in his bail motion, that if the Court adopts the defendant's Guidelines calculation, the he has "already served" a term in excess of those revised Guidelines. (Dkt. 291 at 2.) While the Government appreciates the defendant's interest in a timely resolution of these issues and certainly has no interest in an unnecessary delay, as the defendant concedes, his bail motion turns almost exclusively on his Guidelines arguments, arguments that cannot be resolved without obtaining the state court documents at issue. (*Id.*); *see also* Dkt. 289 at 1 (noting that "the parties agree that any bail determination likely turns on the parties' competing Guidelines calculation"). Moreover, should the Court rejects the defendant's calculation, as the Probation Department already has, the defendant's revised Guidelines range of 151-188 months' imprisonment will remain in line with the 180-month sentence originally imposed. Finally, the Government notes in this respect that while it is now working to obtain the state court documents at issue as expeditiously as possible, the defendant has of course been free to do the same, and to the Government's knowledge, has not done so, notwithstanding the fact that in the context of his bail application, it is his burden to

---

[1] As the Government has informed defense counsel, based on its review of its own emails, it appears the Government may have tried to obtain at least some of these records in connection with a Rule 404(b) motion made in late 2014. Once the Government's files are obtained from storage, the Government will be able to ascertain whether such records were obtained and, if so, whether they were retained in the case file.

overcome the presumption against detention and establish the existence of "exceptional reasons" warranting his immediate release.

Accordingly, the Government would respectfully request a two-week extension of time, until July 21, 2020, to file its sentencing submission and opposition to the defendant's pending bail motion. The Government, of course, has no objection to an equal extension of time for any reply brief the defendant may wish to submit. Moreover, mindful of the defendant's interest in a prompt resolution of these issues, the Government will endeavor to file its opposition in advance of the requested new deadline should it be able to obtain the records at issue sooner than anticipated, or should the defendant be able to obtain them and provide them to the Government on a more expedited basis.

The requested extension is granted. DE# 295, 296 resolved.
SO ORDERED.
7/6/2020
/s/ Laura Taylor Swain, USDJ

Respectfully submitted,

AUDREY STRAUSS
Acting United States Attorney

By: ___/s/_____
    Edward B. Diskant
    Assistant United States Attorney
    Tel: 212-637-2294

Cc: Defense counsel (via ECF)