UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

UNITED STATES OF AMERICA,

        Plaintiff,

-v-                                                                                                                                             No. 13-CR-986-LTS

DAMON CHAPPELLE,

        Defendant.

--------------------------------------------------------x

## MEMORANDUM OPINION AND ORDER

Defendant Damon Chappelle ("Defendant") was convicted, upon a plea of guilty, of conspiring to commit Hobbs Act robbery in violation of 21 U.S.C. § 1951, and of possessing a firearm during and in relation to that crime of violence, in violation of 18 U.S.C. § 924(c) ("section 924(c)"), and was sentenced principally to a custodial term of 180 months' imprisonment, comprised of a 120-month sentence on the Hobbs Act robbery conspiracy count and a consecutive 60-month sentence on the section 924(c) count. (Docket Entry No. 221.) The Second Circuit has vacated Defendant's section 924(c) conviction and remanded this case for a determination of whether to resentence Mr. Chapelle upon his one remaining count of conviction. (Docket Entry No. 285, 288.) The parties agreed, and the Court concluded, that resentencing is appropriate.

The Court has reviewed in their entireties the submissions of the parties[1] and, for the reasons explained on the record of the September 9, 2020, resentencing hearing, has resentenced Mr. Chappelle to time served, followed by 3 years of supervised release. The principal reason for the significant reduction in Mr. Chappelle's custodial sentence on his

---

[1] Docket Entry Numbers 290, 292, 293, 298, and 300.

remaining count of conviction was the Court's determination that the career offender enhancement, which was applied in Mr. Chappelle's original sentencing, is not properly applied to Mr. Chappelle under the current (2018) version of the Sentencing Guidelines.  This Memorandum Opinion and Order explains that determination and resolves Mr. Chappelle's request for bail pending resentencing.

### BACKGROUND

On December 18, 2013, Defendant was charged in a three-count indictment with conspiracy to distribute narcotics in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951, and possession of a firearm during a crime of violence or drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A)(i). (Indictment, Docket Entry No. 14.)

On December 23, 2014, Defendant pleaded guilty pursuant to a plea agreement to Counts Two and Three of the indictment, which charged him with conspiracy to commit Hobbs Act robbery and possession of a firearm during a crime of violence or drug trafficking offense. (Docket Entry No. 142, ("Plea Tr.").)  On October 5, 2015, the Court sentenced Defendant to 120 months' imprisonment on Count Two, and 60 months' imprisonment on Count Three, to run consecutively, for a total of 180 months' imprisonment.  (Docket Entry No. 221.)  The Court's use of the career offender guideline was predicated on treatment of the Hobbs Act robbery conspiracy as a crime of violence for guidelines purposes, and treatment of certain prior convictions as predicate felony offenses.  At sentencing, the Court dismissed Count One of the indictment, the drug trafficking charge, on the Government's motion.  (Docket Entry No. 225, ("Sent. Tr.") at 39:20-22.)

On May 18, 2020, the Second Circuit vacated Defendant's section 924(c)

conviction based upon the Circuit's holding in U.S. v. Barrett, 937 F.3d 126 (2d Cir. 2019), that conspiracy to commit Hobbs Act robbery is not a crime of violence for purposes of section 924(c). (Docket Entry No. 285.) The Second Circuit remanded the matter to this Court to determine whether to resentence Mr. Chappelle upon the Hobbs Act robbery conspiracy conviction in light of the vacatur of the section 924(c) conviction and a now-moot discrepancy in the record concerning the length of the supervised release term that was previously imposed. (Id.)

## DISCUSSION

The Supplemental PSR prepared by the Probation Office applied the career offender provision of U.S.S.G. § 4B1.1 in computing the advisory guideline for Mr. Chappelle's resentencing. The Government concurred in the computation, while the Defendant argued that the career offender guideline is not applicable to Mr. Chappelle under the now-applicable 2018 version of the sentencing guidelines because Hobbs Act robbery conspiracy is not a "crime of violence" within the meaning of the plain text of the relevant guideline and because a 1996 Pennsylvania robbery conviction that the Probation Office took into account as a predicate felony was not categorically a crime of violence.

The career offender guideline applies where (1) the defendant was 18 or older at the time of the offense of conviction, (2) the offense of conviction is a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions for either a crime of violence or a controlled substance offense. See U.S.S.G. § 4B1.1. As relevant here, the text of the Guideline's definition of the term "crime of violence" for purposes of the career offender enhancement provides that "'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . (1) has as an

element the use, attempted use, or threatened use of physical force against the person of another [(the "force clause")], or (2) is . . . robbery [(the "enumeration clause")]."  U.S.S.G. § 4B1.2(a) ("§ 4B1.2").  Application Note 1 to § 4B1.2's definitional provision ("Application Note 1") states that both "crime of violence" and "controlled substance offense," as defined in the guideline provision, "include the offenses of aiding and abetting, conspiring, and attempting to commit such offenses."[2]  Guideline "[c]ommentary provisions must be given 'controlling weight' unless they: (1) conflict with a federal statute, (2) violate the Constitution, or (3) are plainly erroneous or inconsistent with the Guidelines provisions they purport to interpret."  U.S. v. Jones, 878 F.3d 10, 18 (2d Cir. 2017) (citing Stinson v. U.S., 508 U.S. 36, 45 (1993)).  Conspiracy to commit Hobbs Act robbery is not a crime of violence as defined in either the force or enumeration clauses of § 4B1.2(a).  However, Application Note 1 purports to further define "crime of violence" to include inchoate offenses related to the substantive crimes enumerated in § 4B1.2, which include robbery.  The parties dispute whether Application Note 1 is controlling under the Stinson standard.  For the following reasons, the Court holds that Application Note 1 is inconsistent with § 4B1.2 and therefore is not controlling for purposes of the Court's guideline determination in connection with Mr. Chappelle's resentencing.

While the Sentencing Guidelines plainly govern judicial determinations of the relevant advisory sentencing ranges, the guidelines commentary is only controlling in this connection where it "interpret[s] [a] guideline or explain[s] how it is to be applied."  Stinson, 508 U.S. at 42; United States v. Rollins, 836 F.3d 737, 742 (7th Cir. 2016) ("application notes

---

[2]  "The term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense."  U.S.S.G. § 4B1.2(b).

are <u>interpretations of</u>, not <u>additions to</u>, the Guidelines themselves; an application note has no <u>independent</u> force. Accordingly, the list of qualifying crimes in Application Note 1 to § 4B1.2 is enforceable only as an interpretation of the definition of the term 'crime of violence' in the guideline itself.") Section 4B1.2(a) defines crimes of violence as those that contain an element which requires the use or attempted use of force, or as those that are included in an enumerated list of specific offenses. Application Note 1 purports to interpret that definitional section by further defining the relevant terms to include enumerated offenses that do not contain an element of use or attempted use of force, and which are not included in the enumeration clause of the guideline itself. <u>See</u> <u>U.S. v. Alfonso</u>, No. 17-CR-128 (JBA), 2019 WL 1916199, at *3 (D. Conn., Apr. 30, 2019) (holding that Application Note 1 lists "statutorily separate offenses which differ substantively from the underlying offenses that the Guideline itself enumerates.") By adding offenses beyond the descriptive and enumerated definition of the guideline provision, Application Note 1 goes beyond interpretation of the guideline text to expand the definition of "crime of violence" to include separate, distinct inchoate offenses that are not otherwise within the guideline's definition of "crime of violence."

The Sentencing Commission was aware of how to include inchoate offenses in the definition of "crime of violence" and did so in the force clause. Section 4B1.2(a)(1) defines "crime of violence" as offenses involving "use, attempted use, or threatened use of physical force." Yet, the Sentencing Commission did not include inchoate offenses such as conspiracy or attempt in the guideline's list of specific offenses that constitute a "crime of violence." <u>See</u> <u>United States v. Cooper</u>, 410 F. Supp. 3d 769, 773 (S.D.W.Va. 2019) ("the text lists 'attempted use' of physical force as a crime of violence, suggesting the Sentencing Commission made an explicit choice to include some inchoate crimes and exclude others, such as conspiracy.") Accordingly, it appears that Application Note 1 adds to, and does not merely explain the

application of, the guideline and therefore is not an interpretation to which the court must defer in applying the career offender guideline.  See United States v. Soto-Rivera, 811 F.3d 53 (1st Cir. 2016) (holding that "[t]here is simply no mechanism or textual hook in the Guideline that allows us to import offenses not specifically listed therein into § 4B1.2(a)'s definition of 'crime of violence'" and thus rejecting the argument that Application Note 1 rendered firearms possession offense a proper predicate for career offender treatment under specific enumeration aspect of prior version of crime of violence definition); United States v. Rollins, 836 F.3d 737 (7th Cir. 2016) (holding Application Note 1 invalid as an interpretation of § 4B1.2's definition of "crime of violence" in a prior version of the career offender guideline).

The government nonetheless argues that two recent Second Circuit decisions constitute binding authority that validates Application Note 1's expanded definition of "crime of violence" and obliges this Court to treat Mr. Chapelle's Hobbs Act robbery conspiracy conviction as a proper predicate for application of the career offender guideline.  Those decisions upheld Application Note 1's treatment of the "controlled substance offense" definition as consistent with § 4B1.2; the government contends that those decisions, which cite a broad statement in an earlier Second Circuit decision in another narcotics case that Application Note 1 is a proper exercise of statutory authority, also bind this Court as to Application Note 1's definition of "crime of violence."  (Docket Entry No. 298, at 9) (citing U.S. v. Tabb, 949 F.3d 81 (2d Cir. 2020); U.S. v. Richardson, 958 F.3d 151 (2d Cir. 2020)).

In Tabb, the Second Circuit rejected a challenge to Application Note 1's incorporation of conspiracy into the definition of a controlled substance offense for career offender determination purposes, holding that an earlier Second Circuit decision, U.S. v. Jackson, 60 F.3d 128 (2d Cir. 1995), was binding authority as to the validity of Application Note 1.  In Jackson, which also involved a career offender sentencing issue arising in the context of a

narcotics conspiracy conviction, the Circuit held that the Sentencing Commission had the statutory "'authority [under 28 U.S.C. §§ 994(a) and 994(h)] to expand the definition of 'controlled substance offense' to include aiding and abetting, conspiring, and attempting to commit such offenses' through Application Note 1."  949 F.3d at 87 (quoting Jackson, 60 F.3d at 133).  The Tabb court held that there was no way to reconcile a conclusion that Application Note 1 was inconsistent with § 4B1.2 with Jackson, which the Tabb court, "acting as a three judge panel, [was] not at liberty to revisit."  Tabb, 949 F.3d at 87.  The Tabb court, accordingly, held that Application Note 1 properly expanded the definition of a controlled substance offense to include narcotics conspiracies.  In Richardson, which also arose in the context of a career offender sentencing determination involving a narcotics conspiracy conviction, the Second Circuit, citing Tabb and Jackson, rejected an argument that Application Note 1 was inconsistent with section 4B1.2(b)'s definition of controlled substance offense.  The Richardson court further explained that section 4B1.2(b), which defines a "controlled substance offense" as an offense under a federal or state law "that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance," incorporates statutes prohibiting inchoate narcotics offenses such as conspiracy, which also function to prevent or impede the commission of substantive narcotics offenses.  Thus, the Circuit concluded, "the Sentencing Commission adopted an interpretation of § 4B1.2 that is not inconsistent with the guideline when it concluded [in Application Note 1] that an offense that forbids 'aiding and abetting, conspiring, and attempting to' manufacture, import, export, distribute, or dispense a controlled substance is an offense that 'prohibits' those activities."  Richardson, 958 F.3d at 155 (quoting Application Note 1).

        Here, the Government argues that Jackson, Tabb, and Richardson preclude Defendant's argument that Application Note 1 improperly incorporates robbery conspiracy into

the § 4B1.2 definition of "crime of violence."  The holdings in those cases, which focus on the Sentencing Commission's power to penalize inchoate narcotics offenses and its interpretation of the definition of "controlled substance offense" in the career offender guideline, do not, however, speak to the relationship between the Application Note 1 and the definition of "crime of violence" in § 4B1.2(a).  Unlike the "controlled substance offense" definition, the relevant component of the "crime of violence" definition, as explained above, operates by enumerating particular substantive crimes rather than defining a class of criminal statutes by function.  The list of substantive offenses, in contrast to the "controlled substance offense" definition that embraces all statutes that "prohibit" certain types of activity, leaves no room for an interpretation that would expand the list to include separate inchoate offenses.  Jackson's broad statement that "Application Note 1 is authoritative because it interprets and explains § 4B1.2 by listing offenses that constitute 'controlled substance offenses' and 'crimes of violence'" is dicta to the extent it addressed crimes of violence because, as the Jackson court explained, the sole issue before it for decision was "whether the term 'controlled substance offense' includes a drug conspiracy conviction."  Jackson, 60 F.3d at 131.

   Mr. Chappelle's argument concerning Application Note 1 in the context of Hobbs Act robbery conspiracy is not precluded, and the argument has merit.  The Court finds that it is not obligated to defer to Application Note 1, which goes beyond interpretation to purport to expand the scope of the guideline predicate for career offender status.  The Court therefore concludes, for the reasons explained above, that Mr. Chappelle's Hobbs Act robbery conspiracy conviction is not a proper predicate for application of the career offender guideline.  In light of this conclusion, it is unnecessary for the Court to address the parties' arguments concerning whether Mr. Chappelle's 1996 Pennsylvania robbery conviction should be taken into account as a crime of violence for career offender guideline application purposes.

Shortly after the Second Circuit's mandate remanding this case was issued, Mr. Chappelle's counsel indicated his intention to request release on bail pending the resentencing. The parties subsequently agreed that the career offender sentencing guideline issue would be a significant factor in any determination of the bail request, and briefed the sentencing and bail issues simultaneously over a period of approximately two months. The Court determined that it was in the interests of justice to proceed to sentencing and, because the Court has sentenced Mr. Chappelle to time served, the bail issue is moot.

## Conclusion

For the foregoing reasons, the Court has determined that the career offender provisions of the sentencing guidelines do not apply in the computation of Mr. Chappelle's advisory guideline range for resentencing on his Hobbs Act robbery conspiracy conviction. The Court used the relevant non-career offender provisions of the November 2018 Guidelines Manual in determining his advisory guideline range.

This Memorandum Opinion and Order resolves Docket Entry Number 293, as the request for bail pending resentencing is moot.

SO ORDERED.

Dated: New York, New York
September 9, 2020

      /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge